UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-86-KAC-JEM |
| | ) | |
| TREVONE BOYKIN, | ) | |
| BRITTANY CAVETT, MARC DAVIS, | ) | |
| RONNIE MCDADE, DANIEL MILES, | ) | |
| LARRY PATTERSON, and | ) | |
| JEREMI SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Daniel Miles's Motion to Continue Trial [Doc. 95], filed on January 21, 2026.

Defendant asks the Court to continue the current trial date, which is set for February 24, 2026 [*Id*.]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required to resolve certain issues in order to facilitate a fair and reasonable plea agreement [*Id*. ¶ 2]. Defendant represents that the Government does not oppose a continuance [*Id*. ¶ 5]. Defendant further represents that he understands that the time period of this continuance is excluded from the speedy trial computation [*Id.* ¶ 4].

Codefendant Larry Patterson filed a Motion to Adopt Co-Defendant's Motion to Continue [Doc. 96]. Codefendant Patterson represented that he is similarly situated to Defendant and that the motion to continue applies to his case as well [*Id.* at 1]. He submitted that the interests of judicial economy will be served by allowing him to adopt the motion to continue [*Id.*]. Finally, Defendant Patterson states he has been advised of his speedy trial rights and understands that any

continuance of the currently scheduled trial date will be excluded from any speedy trial calculations [*Id.*].

Defendant Jeremi Smith filed a Notice of Joinder in to Motion to Continue [Doc. 99]. Counsel for Defendant Smith advised him of speedy trial issues and other considerations and represented Defendant Smith expressed no opposition to the relief requested in the motion to continue [*Id.* at 1]. Defendant Smith understands that further investigation and discovery review is necessary for motion practice and plea negotiations and for preparation for a potential trial [*Id.*].

Defendant Ronnie McDade filed a Response of Defendant McDade to Motion for Continuance of Trial Date and All Related Deadlines and joined in the motion to continue [Doc. 101]. Defendant McDade was advised by counsel of speedy trial issues and other considerations; he has no opposition to the relief requested in the motion to continue and understands that further investigation and discovery relief is necessary for motion practice and plea negotiations and for preparation for a potential trial [*Id.*].

Defendant Marc Davis filed a Notice of Objection to Motion to Continue Filed by Co-Defendant Daniel Miles and stated that he "refuses to waive his speedy trial rights and objects to the Motion to Continue" [Doc. 102 p. 1].

Defendant Brittany Cavett filed a Notice of No Opposition to the motion to continue trial and represented that she understands that her bond conditions will remain the same [Doc. 103 p. 1].

Due to Defendant Trevone Boykin's failure to file a position on the motion to continue as required by the Court's Order [Doc. 98], the Court filed a Show Cause Order requiring him to show cause as to why he had not filed a position on the record or to otherwise respond [Doc. 105]. Defendant Boykin filed a timely Response to Order to Show Cause and explained that a plea agreement and plea supplement were submitted to the Court on January 20, 2026 [Doc. 109 ¶ 1].

Due to circumstances beyond his control, however, his change of plea hearing was not set as quickly as expected and the failure to file a position with respect to Defendant's motion to continue was an oversight on his Boykin's counsel's part related to the change of plea scheduling [*Id.* ¶¶ 2–3]. Defendant Boykin's change of plea was set for February 5, 2026, and he pled guilty [*Id.* ¶ 4; *see also* Doc. 112]. Defendant Boykin represented that he did object to a continuance in this matter and understood his right to a speedy trial and waived that right [*Id.* ¶ 5].

The Court finds the motion to continue well taken and that the ends of justice served by granting a continuance outweigh the interests of the defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for defendants the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for several defendants need time to consult with their clients, investigate further, consider a plea, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

While Defendant Marc Davis filed a Notice of Objection to Motion to Continue Filed by Co-Defendant Daniel Miles [Doc. 102], he is currently joined for trial with Defendant Miles and the other named defendants. The Speedy Trial Act excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). Defendant Davis's Motion to Sever has been denied [Doc. 97], and the time for trial has not run as to any of the defendants in this case. The Court further finds that the additional time needed for counsel for Defendant Miles to facilitate and consider a plea agreement and otherwise prepare for trial is reasonable. *See United States v. Harris*, No. 15-cr-20089, 2015 WL 13873073, at *1 (E.D. Mich. Aug. 15, 2015) (citations omitted)

("[W]hen a court finds excludable delay pursuant to 18 U.S.C. § 3161(h)(7)(A) on the ground that the ends of justice would be served by granting a continuance to one defendant, the finding of excludable delay also applies to all co-defendants who have not been granted a severance." (citations omitted)). The Court concludes that the period of delay attributable to other defendants is also attributable to Defendant Marc Davis over his objection. *See* 18 U.S.C. § 3161(h)(6).

The Court therefore **GRANTS** Defendant Daniel Miles's Motion to Continue Trial [**Doc. 95**]. The trial of this case is reset to **June 9, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on January 21, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Daniel Miles's Motion to Continue Trial [**Doc. 95**] and Motion to Adopt Co-Defendant's Motion to Continue [**Doc. 96**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **June 9, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **January 21, 2026**, and the new trial date of **June 9, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 8, 2026**;

(5) the deadline for filing motions *in limine* is **May 26, 2026**, and responses to motions *in limine* or due on or before **June 2, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **May 26, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 29, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge